# THOITS LAW
A Professional Corporation

400 Main Street, Suite 250
Los Altos, California 94022
TEL (650) 327-4200
FAX (650) 325-4472
www.thoits.com
(650) 330-4721
aiskikian@thoits.com

Anna Iskikian

**Application GRANTED.** Defendants shall file any opposing papers to Plaintiff's request for a preliminary injunction by **May 5, 2023**. The conference scheduled for April 26, 2023, is **ADJOURNED** to **May 10, 2023, at 4:30 P.M.** The conference will be telephonic and will take place on the following line: 888-363-4749; access code: 558-3333. The restraints imposed by April 14, 2023, order are **EXTENDED**, and shall remain in effect through **May 12, 2023**. So Ordered.

Dated: April 21, 2023
New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

<u>Via ECF Only</u>

The Honorable Lorna G. Schofield
United States District Court, Southern District of New York
Courtroom 1106
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

  Re: *KAWS, Inc. v. The Individuals, Corporations, et al.*,
    Case No. 1:23-cv-03134-LGS

Dear Judge Schofield:

  We represent plaintiff KAWS, Inc. ("Plaintiff") in the above-referenced matter. On April 14, 2023, the Court entered an Order to Show Cause for Preliminary Injunction and Temporary Restraining Order (Dkt. No. 25, the "<u>Order</u>") granting Plaintiff's ex parte application for temporary restraints and scheduling a hearing for April 26, 2023 on Plaintiff's request for the issuance of a preliminary injunction. The April 26 hearing is the next scheduled hearing in this matter.

  We write to request the Court, respectfully:

  1. A fourteen (14) day extension of Defendants' deadline to file opposing papers to Plaintiff's request for the issuance of a preliminary injunction, from April 21, 2023 to May 5, 2023;

  2. A fourteen (14) day adjournment of the preliminary injunction hearing, from April 26, 2023 to May 10, 2023; and

  3. An extension of the restraints imposed by the Order until the new hearing date pursuant to Rule 65(d)(2).

  As explained in more detail below, pursuant to the Order Plaintiff has sought, but not yet received, confirmation from the online marketplace platforms and financial institutions that the asset restraint is complete and identifying information for Defendants.

This will be the first extension and adjournment of these dates. No defendant has appeared in this matter.

### **Extension of Deadline and Adjournment of Hearing Date**

As noted in our application that lead to the Order, Defendants in this case are actively marketing and selling products that infringe upon Plaintiff's intellectual property rights. Defendants are made up of persons and entities that hide their true identities behind various usernames, through which they sell infringing products using online marketplace platforms such as Amazon, DHgate eBay, Etsy, Redbubble, Walmart, and Wish. As a result, and to protect Plaintiff's rights, the Court authorized service of the Summons, Complaint, and Order by electronic mail within five (5) days *after* the online marketplace platforms' compliance with the temporary asset restraint provisions of the Order. *See* Order, ¶¶ 3–8.

Delaying service until after the temporary asset restraint is in effect is critical to maintain the confidentiality of this proceeding until Defendants' accounts are frozen, thereby avoiding defendants' improper transfer and/or destruction of ill-gotten proceeds and other relevant information. Indeed, as detailed in our initial application, and as accepted by the Court in the Order, "if Defendants are given notice of the Application, they are likely to conceal, transfer, or otherwise dispose of their ill-gotten proceeds," and are also "likely to destroy, move, hide, or otherwise make inaccessible the records and documents relating to Defendants' manufacture, importing, advertising, distribution, offering for sale, and/or sale of the Counterfeit Products." *See* Order, p. 4. At the same time, Plaintiff recognizes that service of the Summons, Complaint, and Order is essential to ensuring that Defendants have access to the full record before the preliminary injunction hearing. In that regard, the Order also directed the third-party service providers to provide information concerning Defendants to Plaintiff, including contact information, to enable Plaintiff to effectuate service of the documents in this case. *See, e.g.*, Order, ¶¶ 6-7.

Plaintiff served the online marketplace platforms with the Order on April 14, 2023. To date, however, not all of the online marketplaces have (i) confirmed that the asset restraint is complete, or (ii) provided contact information for Defendants sufficient to complete e-mail service. In particular, confirmation and expedited discovery from Etsy, Redbubble, and Wish remains outstanding.

Thus, to ensure Defendants can review and respond to Plaintiff's filings in a timely manner, while at the same time preserving the confidentiality of these proceedings until such time as the asset freeze occurs, we respectfully request the Court extend Defendants' deadline to respond to the Order from April 21, 2023 to May 5, 2023, and adjourn the preliminary injunction hearing from April 26, 2023 to May 10, 2023.

### Extension of Temporary Restraint

The Temporary Restraining Order is currently set to expire on Friday, April 28, 2023. *See* Order, p. 10. If the temporary restraints dissolve before Plaintiff can be heard on its preliminary injunction application, there is a substantial risk (as detailed in the moving papers) that Defendants (who will by then be on notice of these proceedings) will hide their assets and other relevant information before preliminary restraints can be imposed.

We respectfully submit that the foregoing constitutes "good cause" under Rule 65(b)(2) to extend the temporary restraints for a short period of time. Thus, to ensure that the relief provided in the Order is not rendered moot, and to protect Plaintiff's rights pending the return date of the Order, we respectfully request that the Court continue the relief set forth in the Order until after the adjourned hearing date on Plaintiff's preliminary injunction application.

Defendants will not be unduly prejudiced by this request. In the first instance, Defendants have no right to engage in the infringing activity at issue. Moreover, we are requesting an adjournment of only fourteen (14) days, giving Defendants the ability to quickly seek relief if they are so entitled.

We would be happy to provide more information or to make ourselves available to discuss this matter further, if necessary. We thank the Court for its time and attention to this matter.

Very truly yours,

THOITS LAW

/s/ Anna Iskikian
Anna Iskikian

AI/